* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Carlos David MARTINEZ, Defendant—
Appellant.**

**No. 09–50064.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 13, 2009.*

Filed Oct. 21, 2009.

Amie Danielle Rooney, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

R.App. P. 34(a)(2).

Jennifer Lynn Coon, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

MEMORANDUM **

Carlos David Martinez appeals from the 18–month sentence imposed following his guilty-plea conviction for attempted entry after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We reject the government's contention that this court lacks jurisdiction to review the denial of a downward departure. *See United States v. Dallman*, 533 F.3d 755, 760–61 (9th Cir.2008).

Martinez contends that the district court procedurally erred by recognizing that a downward departure was warranted but then imposed a mid-range sentence. The district court did not procedurally err. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir.2008) (en banc).

Martinez also contends that the district court imposed a substantively unreasonable sentence because it failed to give adequate weight and consideration to all of the 18 U.S.C. § 3553(a) sentencing factors, especially his extraordinary acceptance of responsibility. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, Martinez's sentence is not substantively unreasonable.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*See Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 600–02, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**